UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
               :
VITOL, INC.,               :
               :
           Petitioner,       :
               :    22 Civ. 10569 (JPC)
    -v-           :
               :    <u>ORDER</u>
COPAPE PRODUTOS DE PETRÓLEO LTDA,    :
               :
           Respondent.     :
               :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      In the Court's Opinion and Order from March 21, 2024, the Court directed the parties to "submit a joint letter with their views as to whether this litigation should be dismissed, otherwise terminated, or stayed in light of the Court's ruling." *Vitol, Inc. v. Copape Produtos de Petróleo Ltda.*, No. 22 Civ. 10569 (JPC), 2024 WL 1216660, at *14 (S.D.N.Y. Mar. 21, 2024). On April 4, 2024, the parties filed a joint letter in which Petitioner requested a stay of this action and Respondent requested that the Court dismiss and terminate this action. Dkt. 36 at 1. On May 16, 2024, the United States Supreme Court issued its decision in *Smith v. Spizzirri*, 144 S. Ct. 1173 (2024), in which it held: "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act ('FAA')] compels the court to stay the proceeding." *Id.* at 1178; *see* 9 U.S.C. § 3.

      Here, Petitioner has requested a stay pending arbitration and the Court has held that there is an arbitrable dispute between Petitioner and Respondent. *See Vitol*, 2024 WL 1216660, at *14 (compelling arbitration between Petitioner and Respondent). Although this case was brought under Chapter 2 of the FAA, *see id.* at *7, Chapter 1 of the FAA—where Section 3 is located, *see* 9 U.S.C. § 3—is applicable to "actions and proceedings brought under [Chapter 2] to the extent

that chapter is not in conflict with [Chapter 2] or the [United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards] as ratified by the United States." 9 U.S.C. § 208.  And as the *Spizzirri* Court suggested, the language of Section 3 is plain:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action* until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added); *see Spizzirri*, 144 S. Ct. at 1177 ("Here, as in other contexts, the use of the word 'shall' 'creates an obligation impervious to judicial discretion.'" (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998))).

Thus, under *Spizzirri* and the plain language of Section 3 of the FAA, the Court stays this action pending the conclusion of any arbitration between Petitioner and Respondent, or until further Order from the Court.

SO ORDERED.

Dated: June 13, 2024
       New York, New York

                                            _____
                                            JOHN P. CRONAN
                                            United States District Judge